Davies, J.
Three points are made by the counsel for the appellant in support of the appeal:
First. That the company had no right to divide their business into two departments, or the receiver to assess the notes of one department only, although the assessment be for losses occurring upon risks taken in that department to which they *228 belong. This point is disposed of by the decision of this court in the case of White, Receiver, v. Giles Ross and others (decided at September term, 1860), when this court held, that the provisions of the charter of the company, dividing its business into distinct departments, was not in conflict with any provision of the act of April 10, 1849, authorizing the formation of insurance companies; that both classes are to be assessed by the receiver, and that it could not be doubted that all the notes of the company constitute its capital, and that although the notes of one department must first be assessed to pay the losses in that department, yet if they are proved not to be sufficient, and anything remains in the other department beyond paying the claims upon it in that branch, resort must be had to those remaining assets, until the whole are exhausted. The principle is here distinctly enunciated, that the division of the business of the company into distinct departments is legal and unobjectionable; and that the notes belonging to each department are primarily to be assessed, and sufficient collected therefrom to pay the liabilities of the particular department to which they belong; and if not adequate for that purpose, then resort is to be had to the notes of the other department, after sufficient shall have been collected therefrom to liquidate the liabilities of that department, .to meet any. deficiency * The whole amount of the defendant’s note being required to discharge the liabilities of the Merchants’ Department, to which it belonged, he was properly called upon to pay it.
Second. It is objected that the addition, by the receiver, of ten per cent to the amount of the assessment made by him for the expenses of the assessment and the collection "thereof, was unauthorized, and rendered the assessment void. The charter of this company is not presented to the court; but it seems to *229 have been assumed that its provisions are like those found in. the charter of the Genesee Mutual Insurance Company, referred to in the case of Bangs v. Gray (2 Kern., 477). In that case,, an assessment, which included ten per cent added thereto,, estimated as the expenses of collecting, &c., received the approval of this court. In the absence of any proof to the contrary, we are to assume that ten per cent was a reasonable and proper sum for the expenses of making the assessment and collecting the same. Assuming, therefore, that the assessment was made for the exact sum necessary to discharge the liabilities of the company, it would follow, if the receiver had no power to add thereto an amount sufficient to cover the expenses of making the assessment and collecting it, that such expenses would necessarily be deducted from the amount due to the policy holders. The result would be that the insured would have cast on them the burden of these expenses, and not the insurer. Such a result is contrary to the spirit and intent of the act creating these companies, and hostile to the principle upon which insurances are made. The contract of the insurer with the insured is that of complete indemnity- and whatever expenses or burdens, are incurred to carry into effect this contract should be borne by the party who has obligated himself to make the indemnity, not he who is to receive it. These views are in harmony with those expressed by this court in Bangs v. Gray (supra), and by the Supreme Court of Massachusetts in Jones v. Sisson (6 Gray, 296).
There remains to be considered the third objection, taken by the appellant, in opposition to the recovery in this action. He claims that the assessment made by the receiver was void, for the reason that the 16th by-law of the company required that whenever an assessment should be made by the company, “that notice of the assessment should be given by the Secretary, by publication in one newspaper published in Montgomery county, three weeks successively,' and in such other newspapers as the directors or executive committee may deem necessary,” and that notice of this assessment was not thus given. It is a sufficient answer to this objection to say, that the refe *230 ree has found no fact which would authorize this court to assume that there was such a by-law of the company. The referee has found that the plaintiff has proven all the material allegations contained in the second cause of action stated in his complaint. In reference to this point the averment in the complaint was, that the receiver had made the assessment, and required the same to be paid to him, on or before the fourth day of July, 1853, “ and notice of such assessment, and of the time for the payment thereof, as required by the by-laws of said company, was duly given by said Sheldon, as such receiver, by publication in the Amsterdam Intelligencer, a newspaper published in the county of Montgomery, for three weeks successively, the last publication whereof, was not less than thirty days prior to the time fixed for the payment.” This finding, therefore, establishes the fact that notice of the assessment was duly given by the receiver, as required by the by-laws of the company, and we are not at liberty to hear suggestions, in opposition to this finding, that the notice was not given in accordance with the by-laws of the company. The by-laws are not set out in the case; but assuming them to be as stated by the appellant’s counsel, in their printed brief, we do not see that they afford any evidence that the referee has found incorrectly upon this point, or that by any proper construction, this by-law should be deemed as controlling the action of the receiver, an officer of the Supreme' Court, and who must necessarily act under its direction. The by-law in its terms, only seeks to govern and direct the action of the company and its officers when the assessment is made by them. It applies in terms only to an assessment made by the company, and as to such an assessment, directs how notice thereof is to be given by its secretary. In the absence of any direction by the directors or the executive committee, the notice is- to be published in one newspaper in Montgomery county. If the directors or said committee should deem it necessary to publish the notice in other newspapers, then it was- to be the duty of the secretary to publish it in such other newspapers as directed. In the absence of such direction, manifestly it would not have *231 been the duty, even of the secretary, to publish it in more than one newspaper. Supposing, as the argument of the appellant’s counsel assumes, that the receiver is the representative of the directors in mating this assessment, and is bound to conform to the by-laws of the company in reference to it, then it would follow that he has the same discretion, as to its publication, that the directors had; and if he did not deem it necessary to publish it in more than one' newspaper, such publication would be no infraction of the by-law.
In any aspect in which this objection may be regarded, it cannot be sustained. The judgment appealed from must be affirmed, with costs.
Rosekrans and Marvir, Js., dissented.
Judgment affirmed.

 The expression of an opinion that the notes received in one department may be ultimately liable for assessment to meet the deficiencies in another department, notwithstanding a by-law to the contrary, was, according to the Reporter’s understanding, a mere obiter dictum in the case of White v. Ross, as it seems to be in this case.